FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No: 1:20-CV-03171-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 17, 21. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Lars J. Nelson. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 17, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 21, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Melissa H.[2] filed an application for Supplemental Security Income (SSI) on June 13, 2017, Tr. 119, alleging disability since April 1, 2014, Tr. 233, due to fibromyalgia, degenerative disc disease/lumbar stenosis/spondylosis, chronic fatigue syndrome, Barret's esophagus, irritable bowel syndrome, complex regional pain syndrome, morbid obesity, carcinoid syndrome, depression/anxiety, and migraines, Tr. 256. Benefits were denied initially, Tr. 155-58, and upon reconsideration, Tr. 165-67. A hearing before Administrative Law Judge M.J. Adams ("ALJ") was conducted on December 18, 2019. Tr. 41-94. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Kimberly Mullinax. *Id*. At the hearing, Plaintiff amended her alleged onset date to June 13, 2016. Tr. 89. The ALJ denied benefits

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

on January 9, 2020. Tr. 15-34. The Appeals Council denied Plaintiff's request for review on August 16, 2020, making the January 9, 2020 ALJ decision the final decision of the Commissioner. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 39 years old at the amended alleged date of onset. Tr. 233. She received a GED in 1997. Tr. 257. Plaintiff's reported work history includes jobs of housekeeper, receptionist, and server. Tr. 247, 257. At application, she stated that she stopped working on June 30, 1995, due to her conditions. Tr. 256.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. §§ 405(g), 1383(c). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*.

ORDER ~ 3

(quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER ~ 4

substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and

ORDER ~ 5

award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

ORDER ~ 6

1    therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

2        The claimant bears the burden of proof at steps one through four.  *Tackett v.*

3    *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

4    the burden shifts to the Commissioner to establish that (1) the claimant is capable

5    of performing other work; and (2) such work "exists in significant numbers in the

6    national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

7    389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

9        At step one, the ALJ found that Plaintiff has not engaged in substantial

10   gainful activity since June 13, 2017, the date of application.  Tr. 17.  At step two,

11   the ALJ found that Plaintiff has the following severe impairments: degenerative

12   disc disease of the lumbar spine; asthma; sleep apnea; hypertension; fibromyalgia;

13   migraines; obesity; major depressive disorder; posttraumatic stress disorder

14   (PTSD); and substance abuse disorder.  Tr. 17-18.  At step three, the ALJ found

15   that Plaintiff does not have an impairment or combination of impairments that

16   meets or medically equals the severity of a listed impairment.  Tr. 19.  The ALJ

17   then found that Plaintiff has the RFC to perform sedentary work as defined in 20

18   CFR § 416.967(a) with the following limitations:

19       She is able to lift/carry 20 pounds occasionally and 10 pounds
     frequently.  She can stand and/or walk (with normal breaks) for 2 hours
20   in an eight-hour workday.  She can sit (with normal breaks) 6 hours in
     an eight-hour workday.  She can push/pull unlimitedly within those
21   exertional limitations.  She can occasionally climb ramps and stairs,
     balance, stoop, kneel, crouch, and crawl.  She can never climb ladders,

ORDER ~ 7

ropes, or scaffolds. She can reach to all directions bilaterally except she is limited to occasional overhead reaching bilaterally due to fibromyalgia of the shoulders. She should avoid concentrated exposure to extreme cold, wetness, humidity, fumes, odors, gases, poor ventilation, and even moderate exposure to workplace hazards, such as working with machinery and heights. She can understand, remember, and carry out simple instructions, exercise simple workplace judgment, and perform work that is learned on the job in less than 30 days by short demonstration and practice or repetition. She can respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork is required. She can deal with occasional changes in the work environment. She can work in jobs that require only casual interaction or contact with the general public ("Casual" is used in its ordinary English language definition and not as a vocational term of art).

Tr. 23-24. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 33. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: escort vehicle driver, document preparer, and assembler. Tr. 34. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from June 13, 2017, the date of application, through the date of her decision. Tr. 34.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI benefits under Title XVI of the Social Security Act. ECF No. 20. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly assessed the persuasiveness of the medical source opinions;

ORDER ~ 8

2. Whether the ALJ made a proper step two determination; and

3. Whether the ALJ properly addressed Plaintiff's symptom statements.

## DISCUSSION

**1. Medical Source Opinions**

Plaintiff challenges the ALJ's determination regarding the persuasiveness of the opinions from William Drenguis, M.D., Kirsten Nestler, M.D., Marybeth Wheeler, ARNP, and John Robinson, Ph.D. ECF No. 17 at 16-21.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the

ORDER ~ 9

supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[3]

---

[3] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 21 at 13-15, 22 at 3-4. The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER ~ 10

A.    William Drenguis, M.D.

On August 24, 2017, Dr. Drenguis completed a consultative evaluation of Plaintiff and provided a medical source opinion. Tr. 474-79. His opinion limited Plaintiff to standing/walking for two hours out of an eight-hour day and sitting for six hours in an eight-hour day. Tr. 479. He limited Plaintiff to occasional climbing steps, stairs, ladders, scaffolds, and ropes and occasional stooping, kneeling, crouching, and crawling. *Id*. He stated that "[t]he claimant may occasionally reach overhead and reach forward and frequently handle, finger and feel." *Id*. He further found that she "is limited working around dust, fumes and gases." *Id*.

The ALJ found the opinion persuasive. Tr. 3. However, the ALJ failed to include all of the manipulative limitations in the RFC determination. Tr. 23. The ALJ found that Plaintiff "can reach to all directions bilaterally except she is limited to occasional overhead reaching bilaterally due to fibromyalgia of the shoulders," but otherwise did not limit Plaintiff's manipulation activities. *Id*. Social Security Ruling (S.S.R.) 96-8p states that the RFC "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Therefore, the ALJ's failure to provide a discussion regarding why all the manipulative limitations opined by Dr. Drenguis were not adopted is an error. This case is remanded for the ALJ to readdress Dr. Drenguis' opinion in full.

ORDER ~ 11

B.   Kirsten Nestler, M.D.

On September 9, 2017, Dr. Nestler completed a consultative evaluation of Plaintiff and provided a medical source opinion. Tr. 481-85. She opined that Plaintiff would "have difficulty accepting instructions from supervisors and would have difficulty interacting with coworkers and the public," "would have difficulty maintaining regular attendance in the workplace," "would have difficulty completing a normal workday/workweek without interruptions," and "would have difficulty dealing with the usual stress encountered in the workplace." Tr. 485. Dr. Nestler found Plaintiff would not have difficulty performing simple and repetitive tasks, performing detailed and complex tasks, or performing work activities on a consistent basis without special or additional instructions. *Id*.

The ALJ found the opinion was less persuasive than those from the non-examining state agency reviewers Lisa Hacker, M.D. and John Robinson, Ph.D. Tr. 32. Specifically, the ALJ found that Dr. Nestler's opinion that Plaintiff would have difficulty interacting with coworkers and the public and difficulty accepting instructions and dealing with the usual stress encountered in the workplace to be "generally persuasive," but that the opinion that Plaintiff would not have difficulty performing detailed and complex tasks as "inconsistent with the record as a whole." Tr. 32. The ALJ did not address the opinion that Plaintiff would have difficulty completing a normal workday/workweek without interruptions, Tr. 32, and failed to address it in the RFC determination, Tr. 23-24. Again, S.S.R. 96-8p

ORDER ~ 12

requires the ALJ consider and address medical source opinions and explain why an opinion was not adopted. Therefore, the ALJ erred in the treatment of Dr. Nestler's full opinion. On remand, the ALJ will readdress the opinion in full.

**C.    Marybeth Wheeler, ARNP**

On June 14, 2018, Nurse Wheeler completed a Medical Report form and opined that Plaintiff would need to lie down four to five hours during the day due to pain. Tr. 611. She further opined that working on a regular and continuous basis would cause Plaintiff's condition to deteriorate. Tr. 612. She stated that if Plaintiff attempted to work 40-hours per week, it was more probable than not that Plaintiff would miss four or more days per month due to her medical impairments. *Id*. Nurse Wheeler stated that her opined limitations had existed since at least April of 2017. *Id*.

The ALJ found the opinion not persuasive, stating that "[e]ven though Nurse Wheeler has a treating relationship with the claimant, her opinions are not supported by the record as a whole, including with the claimant's longitudinal health history, [and] the objective findings," specifically addressing neurologic examinations, images of the lumbar spine, presentation at appointments, her statements about improvement with treatment, and her documented daily activities. Tr. 31. Considering the case is being remanded for the ALJ to readdress Dr. Nestler's opinion that that Plaintiff would have difficulty completing a normal workday/workweek without interruptions, *see supra*, and to readdress the step two

ORDER ~ 13

determination regarding Plaintiff's alleged bladder impairment and the alleged need for additional breaks due to symptoms affecting urination, *see infra*, the ALJ will readdress the opinion of Nurse Wheeler's opinion, which focuses of Plaintiff's ability to sustain work activity.

**D.     John Robinson, Ph.D.**

On December 20, 2017, Dr. Robinson reviewed evidence in the record at the time of reconsideration and opined that Plaintiff had PTSD, major depressive disorder, unspecific anxiety disorder, and stimulant use disorder, meth in sustained remission. Tr. 144. He opined that Plaintiff was able to understand, remember, and carry out three-step commands involving simple instructions in a competitive work environment, Tr. 148, "to understand and carry out simple and repetitive tasks including 3 commands. While ongoing symptoms of depression will reduce efficiency and stress tolerance, they are not to the degree as to prevent ability to perform work activity within a normal work schedule and 40 hour workweek," Tr. 149, "to interact occasionally with the general public. Is able to work in proximity with other co workers [sic] but not in joint tasks. Able to handle supervisory contact, Tr. 149, and "[c]an adapt to routine, low pressure work settings, travel, recognize and respond to hazards and make plans and set goals," Tr. 150. The ALJ found the opinion to be "generally persuasive." Tr. 31

Plaintiff challenges the ALJ's reliance on this opinion in forming the RFC determination because Dr. Robinson failed to meet the qualifications of a

ORDER ~ 14

psychological consultant when he signed the opinion. ECF No. 17 at 21. Regulations require that a psychological consultant be a licensed or certified psychologist at the independent practice level of psychology by the State in which he or she practices. 20 C.F.R. § 404.1616(d)(1).

On September 3, 2020, the Social Security Hearing Office filed a note in the record stating "[t]he file includes a reconsideration determination signed by an individual who did not meet the qualifications of a psychologist consultant because s/he had a restricted license when s/he signed the determination." Tr. 337. Defendant does not challenge Plaintiff's assertion that the September 3, 2020, note renders the opinion unreliable, but argues that any error is harmless because the opinion of Lisa Hacker, M.D. is the same as that of Dr. Robinson. ECF No. 21 at 19. On remand, the ALJ will address the September 3, 2020, note in the record when addressing Dr. Robinson's opinion.

**2.    Step Two**

Plaintiff challenges the ALJ's step two determination that she did not have a medically determinably bladder impairment or a severe gastrointestinal impairment. ECF No. 17 at 4-5.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the

ORDER ~ 15

existence of an impairment. 20 C.F.R. § 416.921. "[O]nce a claimant has shown that [she] suffers from a medically determinable impairment, [she] next has the burden of proving that these impairments and their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such impairment(s) are severe. *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; asthma; sleep apnea; hypertension; fibromyalgia; migraines; obesity; major depressive disorder; PTSD; and substance abuse disorder. Tr. 17-18. The ALJ found that Plaintiff did not have a medically determinable bladder impairment and that the gastrointestinal impairment was not severe. Tr. 18-19.

The ALJ found that a January 2018 cystoscopy results showed no abnormalities in the bladder or urethra and there was no objective findings of any severe bladder problems. Tr. 19. Plaintiff argues that the cystoscopy results support a bladder impairment and the alleged symptoms of straining to urinate, hesitancy, incomplete emptying, constant urge to urinate, and incontinence. ECF No. 17 at 4. Plaintiff asserts that these symptoms result in the need for longer

ORDER ~ 16

restroom breaks. *Id*.

The January 2018 cystoscopy showed no abnormalities of the bladder, but it did show a pelvic prolapse with a grade 2 cystocele. Tr. 1453. The parities disagree over whether this cystoscopy supports a bladder impairment. Plaintiff argues that a pelvic prolapse results in major discomfort and severe urinary incontinence. ECF No. 22 at 2. Defendant argues that there is no evidence to support a bladder dysfunction. ECF No. 21 at 3. On remand, the ALJ will call a medical expert to testify regarding all of Plaintiff's severe medically determinable impairments and specifically address the January 2018 cystoscopy and whether it supports a medically determinable impairment.

The ALJ found that Plaintiff's gastrointestinal disorder was a medically determinable impairment, but found it was not severe. Tr. 18. The ALJ is required to make a new step two determination on remand with the testimony of a medical expert. Therefore, the ALJ will readdress the gastrointestinal disorder on remand.

**3.    Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of her symptom statements. ECF No. 17 at 5-16.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent

ORDER ~ 17

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 25. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 20 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

ORDER ~ 18

(9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). On remand, the ALJ must make a new step two determination in accord with this Order, readdress the persuasiveness of the medical opinions in the record, and readdress Plaintiff's symptom statements. The ALJ will call a medical expert to address the severe medically determinable impairments at step two and provide an opinion regarding Plaintiff's RFC. The medical expert will provide guidance on the January 2018 cystoscopy and whether it supports a medically determinable impairment and Plaintiff's alleged limitations. In addition, the ALJ will supplement the record with any outstanding evidence and take testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

ORDER ~ 19

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** December 8, 2021.

_____
LONNY R. SUKO
Senior United States District Judge